ER

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                           SUPERIOR COURT DEPT
                                                       CIVIL ACTION NO.:

|  |  |
|---|---|
| LENROY RYAN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| PROCESS, INC., PROCESS OHIO | ) |
| CORPORATION, and HAMMEL | ) |
| RECYCLING TECHNIK GmbH, | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Lenroy Ryan, resides in Wareham, Plymouth County, Massachusetts.

2. Defendant, Process, Inc., is a Florida corporation with its principal place of business at 4801 George Road, Suite 100, Tampa, Florida, 33634, a mailing address of 8635 West Hillsborough Avenue, #323, Tampa, Florida, and a registered agent listed as Stacey L. Bishop, 7720 Gibralter Ct North, Saint Petersburg, Florida, 33709.

3. Defendant, Process Ohio Corporation, (hereafter "Process Ohio Corp") is an Ohio Corporation with a principal address at 4290 OH-7, New Waterford, Columbiana County, Ohio, 44445, and a registered agent listed as Anastasia Landsberger, 12921 Springfield Road, 70 North, New Springfield, OH, 44443.

4. Defendant, Hammel Recyclingtechnik GmbH, (hereafter "Hammel") is a German company with its principal place of business at Leimbacher Str. 130, 36433 Bad Salzungen, Germany, and a U.S. contact listed as Olav Limbeck (olav.limbeck@hammel.de).

## FACTS COMMON TO ALL COUNTS

5. On or about October 13, 2022, the Plaintiff, Lenroy Ryan, was lawfully in the course of his employment at Minichiello Brothers, Inc., 431 Second Street, Everett, Middlesex County, Massachusetts.

6. On or about October 13, 2022, as the Plaintiff, Lenroy Ryan was working with a Hammel Shredder 01-VB 950 DK (hereafter "Hammel Shredder"), when he was caused to injure himself when the shredder jammed.

7. As a result of his injuries, the Plaintiff, Lenroy Ryan, sustained permanent injuries, including the amputation of his left leg.

## COUNT I
### Lenroy Ryan v. Process, Inc.
### (Failure to Warn)

8. Plaintiff hereby incorporates by reference Paragraphs 1-7 of the Complaint as if fully set forth herein.

9. Process, Inc. knew or should have known that the Hammel Shredder, as manufactured, designed, marketed, packaged, and/or distributed, contained a defect that made it dangerous and unsafe for its intended use.

10. Despite said knowledge, Process, Inc. sold, marketed, and/or distributed the Hammel Shredder to consumers, including the Plaintiff, without adequate warning of its defective design for its safe use.

11. As a direct and proximate result of Process, Inc.'s negligence, as aforesaid, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Process, Inc. on Count I, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT II
### Lenroy Ryan v. Process, Inc.
### (Breach of Warranty)

12. Plaintiff hereby incorporates by reference Paragraphs 1-11 of the Complaint as if fully set forth herein.

13. Process, Inc. sold, distributed and/or marketed the Hammel Shredder with an implied warranty of merchantability that it was safe for use by consumers, including the Plaintiff.

14. Despite such implied warranty, the Hammel Shredder was not safe for use by consumers, including the Plaintiff, and, in fact, caused severe personal injury to the Plaintiff.

15. As a direct and proximate result of Process, Inc.'s breach of the implied warranty of merchantability, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earring capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

    WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Process, Inc. on Count II, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT III
### Lenroy Ryan v. Process, Inc.
### (Strict Liability)

16. Plaintiff hereby incorporates by reference Paragraphs 1-15 of the Complaint as if fully set forth herein.

17. The Hammel Shredder distributed and/or marketed by Process, Inc. was unreasonably dangerous, defective and unsafe for use.

18. As a direct and proximate of the aforesaid, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Process, Inc. on Count III, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT IV
### Lenroy Ryan v. Process Ohio Corporation
### (Failure to Warn)

19. Plaintiff hereby incorporates by reference Paragraphs 1-18 of the Complaint as if fully set forth herein.

20. Process Ohio Corp. knew or should have known that the Hammel Shredder, as manufactured, designed, marketed, packaged, and/or distributed, contained a defect that made it dangerous and unsafe for its intended use.

21. Despite said knowledge, Process Ohio Corp. sold, marketed, packaged, and/or distributed the Hammel Shredder to consumers, including the Plaintiff, without adequate warning of its defective design and/or packaging and/or instruction for its safe use.

22. As a direct and proximate result of Process Ohio Corp.'s negligence, as aforesaid, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Process Ohio Corp. on Count V, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT V
### Lenroy Ryan v. Process Ohio Corporation
### (Breach of Warranty)

23. Plaintiff hereby incorporates by reference Paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Process Ohio Corp. manufactured, designed, distributed, packaged, and/or marketed the Hammel Shredder with an implied warranty of merchantability that it was safe for use by consumers, including the Plaintiff.

25. Despite such implied warranty, the Hammel Shredder as sold and/or packaged was not safe for use by consumers, including the Plaintiff, and, in fact, caused severe personal and permanent injury to the Plaintiff.

26. As a direct and proximate result of Process Ohio Corp.'s breach of the implied warranty of merchantability, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

    WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Process Ohio Corp., on Count V, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT VI
### Lenroy Ryan v. Process Ohio Corporation
### (Strict Liability)

27. Plaintiff hereby incorporates by reference Paragraphs 1-26 of the Complaint as if fully set forth herein.

28. The Hammel Shredder manufactured, designed, distributed, packaged, and/or marketed by Process Ohio Corp. was unreasonably dangerous, defective and unsafe for use.

29. As a direct and proximate of the aforesaid, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on her usual activities, and has otherwise been damaged

    WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Process Ohio Corp., on Count VI, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT VII
**Lenroy Ryan v. Hammel**
**(Defective Design)**

30. Plaintiff hereby incorporates by reference Paragraphs 1-29 of the Complaint as if fully set forth herein.

31. Hammel knew or should have known that the Hammel Shredder, as manufactured, designed, marketed, packaged, and/or distributed, contained a defect that made it dangerous and unsafe for its intended use.

32. Despite said knowledge, Hammel sold, marketed, packaged, and/or distributed the Hammel Shredder to consumers, including the Plaintiff.

33. As a direct and proximate result of Hammel's negligence, as aforesaid, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Hammel, on Count VII, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT VIII
**Lenroy Ryan v. Hammel**
**(Failure to Warn)**

34. Plaintiff hereby incorporates by reference Paragraphs 1-33 of the Complaint as if fully set forth herein.

35. Hammel knew or should have known that the Hammel Shredder, as manufactured, designed, marketed, packaged, and/or distributed, contained a defect that made it dangerous and unsafe for its intended use.

36. Despite said knowledge, Hammel sold, marketed, packaged, and/or distributed the Hammel Shredder to consumers, including the Plaintiff, without adequate warning of its defective design and/or packaging and/or instruction for its safe use.

37. As a direct and proximate result of Hammel's negligence, as aforesaid, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur

medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Hammel, on Count VIII, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT IV
## Lenroy Ryan v. Hammel
## (Breach of Warranty)

38. Plaintiff hereby incorporates by reference Paragraphs 1-37 of the Complaint as if fully set forth herein.

39. Hammel manufactured, designed, distributed, packaged, and/or marketed the Hammel Shredder with an implied warranty of merchantability that it was safe for use by consumers, including the Plaintiff.

40. Despite such implied warranty, the Hammel Shredder as sold and/or packaged was not safe for use by consumers, including the Plaintiff, and, in fact, caused severe personal injury to the Plaintiff.

41. As a direct and proximate result of Hammel's breach of the implied warranty of merchantability, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Hammel, on Count IV, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

## COUNT X
## Lenroy Ryan v. Hammel
## (Strict Liability)

42. Plaintiff hereby incorporates by reference Paragraphs 1-41 of the Complaint as if fully set forth herein.

43. The Hammel Shredder, as manufactured, designed, distributed, packaged, and/or marketed by Hammel was unreasonably dangerous, defective and unsafe for use.

44. As a direct and proximate of the aforesaid, the Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a loss of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged

WHEREFORE, the Plaintiff, Lenroy Ryan, prays that this Honorable Court enter judgment against the defendant, Hammel, on Count X, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper, as a result of the defendant's negligence.

THE PLAINTIFF, LENROY RYAN, DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY

LENROY RYAN,
By his attorneys,

/s/ Michelle L. Newton

Michelle L. Newton, Esq., BBO#676277
Natalie R. Quinn, Esq., BBO#696400
JASON STONE INJURY LAWYERS
225 Friend Street, Suite 301
Boston, MA 02114
(617) 523-4357
MLN@StoneInjury.com
NRQ@StoneInjury.com

Date:  Dec. 6, 2023