UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
)
LENROY RYAN,                          )
)
        Plaintiff,               )
)
                          )     Civil Action No. 24-CV-11054-AK
        v.                  )
)
PROCESS, INC., PROCESS OHIO   )
CORPORATION, STOEVELAAR     )
TRADING BV, and MONARCH       )
GLOBAL EQUIPMENT, LLC,       )
)
        Defendants.            )
———————————————————————)

## <u>MEMORANDUM AND ORDER ON DEFENDANT STOEVELAAR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

**ANGEL KELLEY, D.J.**

       Plaintiff Lenroy Ryan ("Plaintiff") injured his leg while working on a metal shredder machine ("the Shredder"), imported by the Defendant Stoevelaar Trading BV (Stoevelaar) and sold to domestic equipment distributor Defendant Monarch Global Equipment, LLC ("Monarch").  Plaintiff sustained permanent injuries, including amputation of his left leg. Plaintiff's Third Amended Complaint ("Amended Complaint") includes several claims, including defective design, failure to warn, breach of warranty, strict liability, and negligence. [Dkt. 58].  Pending before the Court is Defendant Stoevelaar's Renewed Motion to Dismiss Plaintiff's Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [Dkt. 70].  Defendant Monarch has also filed a Motion to Dismiss for Lack of Personal Jurisdiction which the Court will address separately.  For the following reasons, Stoevelaar's Motion to Dismiss Plaintiff's Third Amended Complaint [Dkt. 70] is **GRANTED**.

## I.    BACKGROUND

Plaintiff brought this suit after sustaining injuries from a metal shredder, which resulted in the amputation of his leg.  On October 13, 2022, Ryan was working with the Shredder manufactured by Hammel at his place of employment when the machine allegedly jammed and caused him to injure himself.  The Shredder was manufactured and sold by a German manufacturer, Hammel, to the Dutch distributor, Stoevelaar.  Stoevelaar then sold the machine to Monarch and shipped it to Baltimore, Maryland, on November 6, 2020.  The Shredder was then sold to Process, Inc. ("Process"), which sold it to Plaintiff's employer in Massachusetts.

The case was removed from the Massachusetts Superior Court in Suffolk County on April 22, 2024.  After two amended complaints, both Hammel and Stoevelaar moved to dismiss for lack of personal jurisdiction. [Dkts. 41; 48].  In opposition, Plaintiff filed cross-motions for jurisdictional discovery. [Dkt. 50].  The Court granted Hammel's Motion to Dismiss and denied Plaintiff's Motion for Jurisdictional Discovery against Hammel. [Dkt. 56].  The Court also denied Stoevelaar's Motion to Dismiss without prejudice to allow Plaintiff to proceed with limited jurisdictional discovery. [Dkt. 57].  Following jurisdictional discovery, Stoevelaar filed a renewed Motion to Dismiss in response to Plaintiff's Third Amended Complaint. [Dkt. 70].

Plaintiff attached and referred to the following evidence in opposition to Stovelaar's Motion to Dismiss: a terms of sale agreement for the sale of Hammel shredders between Defendant Process Inc., whose principal place of business is listed as 15600 NE 8th Street, Suite B1 #843, Bellevue, WA 98008, and Europe Recycling B.V., whose principal place of business, Wolfveldseweg 1a, 7737 PK, Stegeren, the Netherlands, is Stoevelaar's principle place of business as alleged in the Amended Complaint; an invoice for the sale of the Shredder from Stoevelaar to Monarch; and Stoevelaar's website stating  "Stoevelaar Machinery always has

various used machines of varied brands in stock. Can't find what you are looking for? Please contact us and we will help you to find the right machine." [Dkt. 73].

## II.     LEGAL STANDARD

When personal jurisdiction is contested, the plaintiff has the "ultimate burden of showing by a preponderance of the evidence that jurisdiction exists." Vapotherm, Inc. v. Santiago, 38 F.4th 252, 257 (1st Cir. 2022) (quoting Adams v. Adams, 601 F.3d 1, 4 (1st Cir. 2010)).  When courts assess their jurisdiction without an evidentiary hearing, the prima facie standard applies. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002). Under this standard, the plaintiff must "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).

Courts review the pleadings, supplemental filings in the record, and undisputed facts, giving credence to the plaintiff's version of genuinely contested facts. Id.  While the plaintiff's burden of proof is "light," it nevertheless requires them not to rely on "mere allegations" alone but to point to specific facts in the record that support their claims. Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 8 (1st Cir. 2002) (citing Daynard, 290 F.3d at 51).  Courts "'must accept the plaintiff's (properly documented) evidentiary proffers as true' . . . irrespective of whether the defendant disputes them" for the purposes of the motion. Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007) (quoting Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995)).  Courts view these facts in the light most favorable to the plaintiff's jurisdictional claim. Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).  The defendant may also offer evidence, but their evidentiary proffers "become part of the mix only to the extent that they are uncontradicted." Adelson, 510 F.3d at 48 (citing Mass.

Sch. of L., 142 F.3d at 34); see Baskin-Robbins, 825 F.3d at 34 ("We may, of course, take into account undisputed facts put forth by the defendant.").

## III.    DISCUSSION

### A.  Personal Jurisdiction

When determining whether a nonresident defendant is subject to its jurisdiction, "a federal court exercising diversity jurisdiction 'is the functional equivalent of a state court sitting in the forum state.'" Baskin-Robbins, 825 F.3d at 34 (quoting Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995)).  In that posture, Plaintiff must satisfy "both the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment." C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994)).  For reasons explained below, the Court holds that Plaintiff's jurisdictional contention is untenable, and Stoevelaar cannot be subject to personal jurisdiction in Massachusetts.

### 1.  Due Process

The First Circuit employs the following three-part test to determine whether the exercise of personal jurisdiction over a defendant comports with due process: (1) the claims must directly relate to the defendant's forum-state activities; (2) the in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state; and (3) the exercise of personal jurisdiction must, in light of the Gestalt factors, be reasonable. United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992).  The Court discusses each prong of the jurisdictional calculus in turn.

### i. Relatedness

To show relatedness, the plaintiff must demonstrate that their "cause of action either arises directly out of, or is related to, the defendant's forum-based contacts." Knox v. MetalForming, Inc., 914 F.3d 685, 690-91 (1st Cir. 2019) (citing Harlow v. Children's Hosp., 432 F.3d 50, 61 (1st Cir. 2005)).  This is a "flexible, relaxed standard." N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir. 2005) (quoting Pritzker v. Yari, 42 F.3d 53, 61 (1st Cir. 1994)).  Relatedness requires only that the claim have a "demonstrable nexus" to the defendant's forum contacts. Mass. Sch. of Law, 142 F.3d at 34; Knox, 914 F.3d at 691.

Here, there is no demonstrable nexus between Stoevelaar's forum-based contacts and Plaintiff's claim because Stoevelaar simply does not have any forum-based contacts. Stoevelaar's principal place of business is in Steregen, Netherlands. [Dkt. 71-1 at 1].  Stoevelaar sold the Shredder to Monarch and shipped it from Antwerp, Belgium to Baltimore, Maryland on November 6, 2020. [Dkt. 71-1 at 10].  Monarch has headquarters in New Springfield, Ohio and was the only named entity on all invoices submitted by Stoevelaar during jurisdictional discovery. [Dkt. 71-1 at 10].  These facts contradict Plaintiff's speculation that "[u]pon information and belief, Stoevelaar intended or knew that the Shredder would be sold or distributed to Massachusetts consumers through the defendant, Monarch." [Dkt. 58 at ¶ 12]. Jurisdictional discovery did not reveal any evidence that Stoevelaar had any other contacts with Massachusetts, as related to the purchases of shredders or otherwise. [Dkt. 71-2 at ¶ 7]. Furthermore, no documents reveal Stoevelaar possessed any knowledge, information or belief, that its products were to be sold and/or delivered in Massachusetts. [Dkt. 71-2 at ¶ 6]. Therefore, there is no "demonstratable nexus" between Plaintiff's injury and Stoevelaar's importation of the Shredder.

## ii. Purposeful Availment

The purposeful availment requirement ensures that the exercise of jurisdiction is voluntary, foreseeable, and not premised on a defendant's "random, fortuitous, or attenuated contacts." Carreras v. PMG Collins, LLC, 660 F.3d 549, 555 (1st Cir. 2011) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  The defendant's conduct and connection with the forum state must be such that it should reasonably anticipate being haled into court there. Knox, 914 F.3d at 691 (quoting Burger King, 471 U.S. at 474).  This requirement applies equally to foreign defendants. Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 7 (1st Cir. 2018).

In J. McIntyre Mach., Ltd. v. Nicastro, a divided Supreme Court addressed the issue of exercising personal jurisdiction over a British manufacturer whose product was distributed by an Ohio company and caused injury to the plaintiff in New Jersey. 564 U.S. 873 (2011).  The plurality held that such a defendant must reveal an intent to invoke or benefit from the protection of the forum state's laws. Id. at 887.  Concurring only in judgment, Justice Breyer and Justice Alito found no personal jurisdiction under the "stream of commerce plus" analysis. Id. at 887-89. Under this theory, mere awareness that the stream of commerce may carry a product into the forum state is not enough; there must be "something more" targeting the specific forum. Asahi Metal Industry Co., Ltd. v. Sup. Ct. of Cal., 480 U.S. 102, 112 (1987) ("[S]omething more" may include, "for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.").

Like other circuits, the First Circuit has held that the narrowest, and therefore binding, opinion from McIntyre was Justice Breyer's concurrence. Knox, 914 F.3d at 691; Plixer, 905 F.3d at 10 (quoting Marks v. United States, 430 U.S. 188 (1977)); accord Williams v. Romarm, SA, 756 F.3d 777, 784 (D.C. Cir. 2014) (finding Justice Breyer's concurring opinion controlling under Marks); Ainsworth v. Moffett Eng'g, Ltd., 716 F.3d 174, 178 & n.14 (5th Cir. 2013); AFTG-TG, LLC v. Nuvoton Tech. Corp., 689 F.3d 1358, 1363 (Fed. Cir. 2012).

Though Stoevelaar may have targeted the United States market in general, it has not revealed an intent to invoke or benefit from the protection of Massachusetts' law. McIntyre, 564 U.S. at 887 (plurality opinion). There is no evidence that Stoevelaar has ever marketed, advertised, or tried to solicit business directly to Massachusetts. Stoevelaar submitted that neither they nor their related entities operated or conducted business within Massachusetts at the relevant times related to the suit; they do not advertise or solicit any business in Massachusetts; they do not have offices, agents, property, or assets in Massachusetts; they do not have contracts, licenses, or registrations within Massachusetts; and they do not have any affiliates, subsidiaries, or parent companies in Massachusetts. [Dkt. 71-1 ¶ 4-8]. Plaintiff has not contested these facts or submitted any evidence to the contrary.

At most, Plaintiff submitted evidence that another company, Europe Recycling B.V., with the same principal place of business as Stoevelaar, sells Hammel shredders to Defendant Process Inc. [Dkt. 73-1]. Even assuming Europe Recycling B.V. is the same entity as Stoevelaar, which there is no evidence of, the agreement Plaintiff relies upon does not list where the shredders will be shipped or contain any other information tying the seller to Massachusetts. Therefore, under the McIntyre concurrence's adoption of the "stream of commerce plus" theory, Plaintiff has not

shown "something more" to support the contention that Stoevelaar specifically targeted Massachusetts. McIntyre, 564 U.S. at 889 (Breyer, J., concurring).

This case is unlike Knox, in which the First Circuit found proper the exercise of personal jurisdiction over a German manufacturer whose product travelled through a distributor in Georgia, ultimately injuring the plaintiff in Massachusetts. 914 F.3d at 694.  The Knox court distinguished its case from McIntyre largely because the machines in Knox were made-to-order according to the purchaser's specifications, and the distributor included instruction manuals for the machines that included direct contact information for the manufacturer if the customer needed spare parts. Id. at 693.  The court found it reasonable to infer from these facts that the defendant had opened channels of service with Massachusetts customers that allowed for the proper exercise of personal jurisdiction. Id.

Unlike the manufacturer in Knox, which retained the ability to direct where its products went, sold dozens of expensive products into the forum for nearly two decades, and initiated an ongoing relationship with its in-forum customers, Stoevelaar lacked the ability to control the final destination of its products and knew only "that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states." McIntyre, 564 U.S. at 879.  Plaintiff alleges that Stoevelaar purposefully availed itself to the forum because they generally marketed their services. [Dkt. 73 at 5].  Justice Breyer rejected precisely this argument in McIntyre.  Generalized awareness that a product might enter the forum does not confer jurisdiction; there must be "something more" targeting the specific forum. McIntyre, 564 U.S. at 889.  As Plaintiff has failed to sufficiently show that Stoevelaar purposefully sought out business or that it has related contacts in Massachusetts, the Court does not have personal jurisdiction over Stoevelaar.

### iii. Reasonableness

When a court finds that Plaintiff has failed to satisfy the first two prongs of due process, it need not proceed to the reasonableness requirement. <u>Sawtelle</u>, 70 F.3d at 1394 (noting that "[t]he [G]estalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled.") (quoting <u>United Elec. Workers</u>, 960 F.2d at 1091 n.11).

Even assuming *arguendo* that Stoevelaar purposely availed itself of the Massachusetts market, exercising personal jurisdiction would not satisfy the third prong of due process because it would not be reasonable. To assess reasonableness, courts consider the five "Gestalt" factors: (1) the defendant's burden of appearing in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. <u>C.W. Downer</u>, 771 F.3d at 69. These factors are designed to illuminate whether the exercise of jurisdiction is reasonable. <u>Pritzker</u>, 42 F.3d at 64. Courts rely on these factors for close cases. <u>Id.</u> at 65. To be clear, this is not such a case.

The first factor—the defendant's burden—weighs against exercising personal jurisdiction. Stoevelaar is a Dutch company, with its principal place of business in the Netherlands, and has asserted that it would be burdensome to litigate this case in Massachusetts, where it has no offices, operations, or employees. It is true that it is "almost always inconvenient and costly for a party to litigate in a foreign jurisdiction." <u>Nowak v. Tak How Invs., Ltd.</u>, 94 F.3d 708, 718 (1st Cir. 1996) (quoting <u>Pritzker</u>, 42 F.3d at 64). For this factor to tip the scale, "the defendant must demonstrate that exercise of jurisdiction in the present circumstance is onerous in a special, unusual, or other constitutionally significant way." <u>Id.</u> (internal citation and quotations

omitted).  The burden of forcing a Dutch corporation with no presence in Massachusetts to appear in the forum is onerous in terms of distance.  See Medicus Radiology, LLC v. Nortek Med. Staffing, Inc., No. 10-CV-300-PB, 2011 WL 9373, at *5 (D.N.H. Jan. 3, 2011) (holding it is unreasonable to force a Texas corporate defendant with no presence in New Hampshire to appear in the forum); see Philips v. Prairie Eye Center, 530 F.3d 22, 30 (1st Cir. 2008) (holding that the burden on an Illinois defendant with no connection to the forum state was disproportionate).  The first factor therefore weighs against exercising personal jurisdiction over Stoevelaar.

The second factor, which considers the forum state's interest in adjudicating the dispute, weighs against keeping the suit in Massachusetts.  Though a "state generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors," Burger King, 471 U.S. at 473, the alleged wrongful conduct by Stoevelaar, the defective design and manufacture of the metal shredder, occurred entirely outside of Massachusetts.  The mere fact that Plaintiff's injury occurred in Massachusetts "is not . . . enough to establish its substantial interest in the suit." Merced v. JLG Indus., Inc., 193 F. Supp. 2d 290, 295 (D. Mass. 2001); see Medicus, 2011 WL 9373, at *6 (finding that the state's interest in litigation is diminished where alleged tortious conduct occurred outside of forum); Sawtelle, 70 F.3d at 1395 ("This factor . . . cuts against jurisdiction" when "the acts comprising the defendants' alleged negligence occurred almost entirely outside of [the forum].").

Third, while the plaintiff's choice of forum must be accorded a degree of deference, "the plaintiff's actual convenience seems to be at best a makeweight in this situation." Ticketmaster, 26 F.3d at 211 (emphasis in original) (discussing the difficulty in concluding which forum state would be more convenient when the alleged tortious injury and witnesses exist in different forum

states).  Here, it is not immediately clear that Massachusetts is the most convenient forum when key witnesses and evidence are likely located in Ohio or abroad.

The fourth factor, the judicial system's interest in obtaining the most effective resolution of the controversy, is usually "a wash." Nowak, 94 F.3d at 718 (citing Ticketmaster, 26 F.3d at 211).  As the First Circuit has reasoned, "[e]ven though Massachusetts courts can effectively administer justice in this dispute, they have no corner on the market." Baskin-Robbins, 825 F.3d at 41.

The last factor, which can be effectively summed as pertinent policy arguments, addresses the interests of the governments in enacting substantive social policies. See Nowak, 94 F.3d at 719.  While Massachusetts has an interest in protecting its citizens from defective products made by foreign manufacturers, the Netherlands and Ohio also have substantial interests in promoting and ensuring product safety, as well as holding accountable the corporations they house.  Thus, this last factor does not tip in either parties' favor.

The reasonableness prong evokes "a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 61 (1st Cir. 2016) (quoting Ticketmaster, 26 F.3d at 210).  On balance, the Gestalt factors make pellucid what was already clear: exercising jurisdiction over Stoevelaar would not be reasonable.  Plaintiff's failure to satisfy the purposeful availment prong of due process cannot be overcome.

### 1.  Long Arm Statute

The Massachusetts long-arm statute provides that a court may exercise personal jurisdiction over a person as to a cause of action in law or equity arising from, inter alia, the

person's "(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth[.]" Mass. Gen. Laws Ann. ch. 223A, § 3 (2025).

The First Circuit has treated the limits of Massachusetts' long-arm statute as coextensive with those of the Due Process Clause. Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016). The First Circuit has also suggested that the Massachusetts long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution. Motus, LLC v. CarData Consultants, Inc., 23 F.4th 115, 124 (1st Cir. 2022) (citing Copia, 812 F.3d at 4). Having concluded that the Due Process Clause does not permit the exercise of personal jurisdiction over Stoevelaar in this case, the Court "need not untangle this potential 'tension in our precedent here.'" A Corp., 812 F.3d at 59 (quoting Copia, 812 F.3d at 4); Rosenthal v. Bloomingdales.com, LLC, 101 F.4th 90, 95 (1st Cir. 2024) (explaining that although the reach of the Massachusetts long-arm statute may not be identical to that of the Due Process Clause, the court need not inquire into such distinctions when the plaintiff has not satisfied the constitutional minimum demanded by due process).

Because the Court finds that Plaintiff has not satisfied his constitutional burden, the Court does not need to address the statutory requirements. Motus, 23 F.4th at 124 (stating that it would "serve no useful purpose" to analyze statutory authorization under Massachusetts' long-arm statute when plaintiff has not satisfied the federal constitutional requirements for personal jurisdiction); Ward v. AlphaCore Pharma, LLC, 89 F.4th 203, 211 (1st Cir. 2023) (refusing to conduct further statutory analysis when the court has found defendant's activities to be insufficiently related to Massachusetts to satisfy the strictures of due process); Chouinard v.

<u>Marigot Beach Club & Dive Resort</u>, 20-CV-10863-MPK, 2023 WL 2743305, at *7 (D. Mass. Mar. 31, 2023), <u>appeal dismissed</u>, No. 23-1390, 2023 WL 7321758 (1st Cir. June 29, 2023) (declining to address the statutory requirements under the Massachusetts long-arm statute because the court found that plaintiffs have not satisfied their constitutional burden).

## IV.    CONCLUSION

Plaintiff bears the burden of persuading the Court that jurisdiction exists over the Defendant.  Plaintiff has failed in this regard, compelling the Court to dismiss Stoevelaar from this case.  For the foregoing reasons, Defendant Stoevelaar's Motion to Dismiss [Dkt. 70] is **GRANTED.**

**SO ORDERED.**

Dated: January 13, 2026                                    /s/ Angel Kelley
                                                           Hon. Angel Kelley
                                                           United States District Judge