## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| LENROY RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 24-CV-11054-AK |
| | ) | |
| v. | ) | |
| | ) | |
| PROCESS, INC., PROCESS OHIO | ) | |
| CORPORATION, LAGESSE | ) | |
| EQUIPMENT SERVICE, INC., and | ) | |
| SCRAP IT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON
## SCRAP IT, INC.'S MOTION TO DISMISS

**ANGEL KELLEY, D.J.**

Plaintiff Lenroy Ryan ("Plaintiff") sustained multiple permanent injuries while working on a metal shredder machine. [Dkt. 96]. Defendant Scrap It, Inc. ("Scrap It") allegedly hired Defendant LaGesse Equipment Services, Inc. ("LaGesse") to provide training to Plaintiff about the safety, operations, and maintenance of the shredder. Plaintiff's Fourth Amended Complaint ("the Complaint") asserts five claims against Scrap It: (1) failure to warn (Count XII), (2) breach of warranty (Count XIII), (3) strict liability (Count XIV), (4) negligence (Count XV), and (5) negligent training (Count XVI). [Id.]. Pending before the Court is Defendant Scrap It's Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Dkt. 103]. For the following reasons, Scrap It's Motion to Dismiss Plaintiff's Fourth Amended Complaint [Dkt. 103] is **GRANTED**.

1

I.    BACKGROUND

The following factual background is drawn from the Complaint.  On October 13, 2022, Plaintiff Lenroy Ryan was working with a Hammel Shredder 01-VB 950 DK ("the Shredder"), in the course of his employment at Minichiello Brothers Inc., when the Shredder jammed and "he was caused to injure himself." [Dkt. 96 ¶¶ 6-7].  As a result of this incident, Plaintiff sustained permanent injuries, including the amputation of his left leg. [Dkt. 96 ¶ 8].  Defendant Process Inc. is the official United States source for Hammel mobile shredders and contracted to sell the Shredder to Plaintiff's employer. [Dkt. 96 ¶ 9-10].  Scrap It hired LaGesse to provide safety, operations, and maintenance training to Minichiello Brothers' employees. [Dkt. 96 ¶ 11].  In turn, LaGesse contracted to provide safety, operations, and maintenance training to Minichiello Brothers' employees, including Plaintiff. [Dkt. 96 ¶ 12].  Scrap It also allegedly owns the property where Plaintiff was working when he was injured. [Dkt. 96 ¶13].

This case was removed from the Massachusetts Superior Court in Suffolk County on April 22, 2024. [Dkt. 1].  After a series of amended complaints, motions to dismiss, and jurisdictional discovery for one defendant, three defendants were dismissed from the case. [Dkts. 56, 77, 80].  After the start of discovery, on February 18, 2026, Plaintiff moved to amend his complaint to add Scrap It and LaGesse as defendants. [Dkt. 92].  As relevant to the current motion, in its opposition to Plaintiff's Motion to Amend, Scrap It argued that the amendments were futile because the allegations in the Complaint are not factually accurate. [Dkt. 93].  The Court granted Plaintiff's Motion to Amend and noted that the amendment was not futile because "Scrap It did not allege that the Amended Complaint does not state a claim." [Dkt. 95].  On March 13, 2026, Plaintiff filed his Fourth Amended Complaint. [Dkt. 96].  On April 13, 2026, Scrap It filed its Motion to Dismiss. [Dkt. 103].

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," courts must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, courts must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556).  However, courts need only accept well-pleaded allegations, not all allegations; "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5).

Second, courts must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).  Defendants may also offer evidence, but their evidentiary proffers "become part of the mix only to the extent that they are uncontradicted." Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007).

### III.   DISCUSSION

Plaintiff brings five claims against Scrap It: (1) failure to warn (Count XII), (2) breach of warranty (Count XIII), (3) strict liability (Count XIV), (4) negligence (Count XV), and (5) negligent training (Count XVI). [Dkt. 96].  Scrap It alleges that Plaintiff fails to state a claim because (1) Massachusetts law does not permit claims for strict products liability, (2) the Complaint does not allege that Scrap It was a "manufacturer, seller, lessor or supplier of" the Shredder in accordance with Massachusetts law governing breach of warranty, and (3) the Complaint is too vague to state a claim for negligence. [Dkt. 104].  In the alternative, Scrap It asks the Court to convert its Motion to Dismiss to a Motion for Summary Judgment, and submits affidavits and exhibits to support such a motion. Id.  The Court takes each argument in turn.

### A.   Strict Liability

First, Plaintiff alleges that Scrap It is strictly liable under products liability law for its role in training Plaintiff on the Shredder.  As this Court previously explained in its order dated April 28, 2025, granting then-defendant Hammel Recyclingtechnik Gmbh's Motion to Dismiss:

> The Massachusetts Supreme Judicial Court has repeatedly "declined to allow claims for strict liability in tort for defective products . . . [.]" Commonwealth v. Johnson Insulation, 682 N.E.2d 1323, 1326 (Mass. 1997). This basic rule has been consistently followed by Massachusetts state and federal courts. See, e.g., Taupier v. Davol, Inc., 490 F. Supp. 3d 430, 439 (D. Mass. 2020) ("Massachusetts does not recognize strict products liability in tort.") (quoting Smith v. Robertshaw Controls Co., 410 F.3d. 29, 32 n.4 (1st Cir. 2005)); Ahren v. Sig Sauer, Inc., No. 21-cv-11007, 2021 WL 5811795 at *2 (D. Mass. Dec. 7, 2021) ("Massachusetts does not provide a strict liability cause of action for a defective product."). This does not mean that those injured by defective products in the Commonwealth are without redress. Indeed, the Massachusetts legislature "has transformed warranty liability into a remedy intended to be fully as comprehensive as the strict liability theory of recovery that has been adopted by a great many other jurisdictions." Back v. Wickes Corp., 378 N.E.2d 964, 968 (Mass. 1978). Thus, plaintiffs seeking to invoke a strict liability theory to recover for injuries caused by an allegedly defective product must do so by way of "a claim for breach of the implied warranties of merchantability and/or fitness for a particular purpose under Mass. Gen. Laws ch. 106 §§ 2-314 and 2-315 . . .

[.]" <u>Philips v. Medtronic, Inc.</u>, 754 F. Supp. 2d 211, 216 (D. Mass. 2010); <u>see</u> <u>Swartz v. Gen. Motors Corp.</u>, 378 N.E.2d 61, 62 (Mass. 1978) ("[T]here is no 'strict liability in tort' [in Massachusetts] apart from liability for breach of warranty under the Uniform Commercial Code.") (citing Mass. Gen. Laws ch. 106 §§ 2-314, 2-318)). In other words, pure strict products liability exists only within the statutory breach of warranty framework. <u>See</u> Mass. Gen. Laws ch. 106 §§ 2-314, 2-318. Accordingly, a plaintiff may not include a standalone "strict liability" claim in their complaint and expect to survive a 12(b)(6) motion.

[Dkt. 56 at 2 n.1]. As Massachusetts law does not entertain claims for strict liability in tort for defective products, Plaintiff's strict liability claim (Count XIV) is dismissed.

**B.      Breach of Warranty**

Plaintiff asserts a claim for breach of the implied warranty of merchantability (Count XIII) against Scrap It on the grounds that the Hammel Shredder was "not safe for use by consumers." [Dkt. 96 ¶ 84]. Scrap It has also interpreted the Complaint to assert a breach of warranty claim against Scrap It based upon the failure to warn (Count XII). [Dkt. 96 ¶ 80]. Plaintiff does not contest Scrap It's understanding. Therefore, any argument that Scrap It misconstrued the Complaint has been waived, and the Court will assess both Count XIII and XII together as claims for breach of warranty.

There is an implied warranty of merchantability in a contract for the sale of goods if the seller is a merchant with respect to those goods. Mass. Gen. Laws, c. 106, §§ 2-314. Where there is not privity between the plaintiff and defendant, a "manufacturer, seller, lessor or supplier of goods" may still be liable "for breach of warranty, express or implied, or for negligence," pursuant to Section 2-318 of the Uniform Commercial Code, as adopted by Massachusetts. Mass. Gen. Laws, c. 106, § 2-318. Scrap It alleges, and Plaintiff does not contest, that Plaintiff's breach of warranty claims are brought pursuant to Section 2-318. Thus, in the absence of privity of contract, in order to sustain a claim for breach of the implied warranty of merchantability,

5

Plaintiff must plead facts that plausibly establish that Scrap It is the "manufacturer, seller, lessor or supplier of" the Shredder in accordance with Section 2-318.

In the Complaint, Plaintiff alleges that Scrap It "sold, distributed, and/or marketed the Hammel Shredder." [Dkt. 96 ¶ 83]. However, that allegation is internally inconsistent with the Complaint's assertion that "Process Inc. is the official U.S. Source for Hammel mobile shredders" and "Process Inc. contracted to sell the subject Hammel shredder to Plaintiff's employer in Massachusetts." [Dkt. 96 ¶¶ 9, 10]. Where a "pled claim is internally inconsistent with itself, the inconsistencies may cancel each other out and render the claim subject to dismissal for failure to state a claim." BioChemics, Inc. v. AXIS Reins. Co., 924 F.3d 633, 644 (1st Cir. 2019) (quoting Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Lab'ys., Inc., No. 09-CV-00914, 2009 WL 4269603, at *12 (E.D. Cal. Nov. 25, 2009)). The Complaint provides no further details about Scrap It's alleged role as a seller, distributor, or manufacture of the Shredder. After omitting the Complaint's inconsistencies, Plaintiff has failed to allege that Scrap It was the "manufacturer, seller, lessor or supplier of" the Shredder as required by Section 2-318.

Furthermore, the Complaint also alleged that both Process and Process Ohio "sold, distributed, and/or marketed the Hammel Shredder." [See, e.g., Dkt. 96 ¶¶ 16, 46]. Meanwhile, the only details about Scrap It's role in the Plaintiff's injury are (1) "[u]pon information and belief, Scrap It, Inc., hired LaGesse to provide safety, operations, and maintenance training to employees of Minichiello" and "[u]pon information and belief, Scrap It, Inc., owned the property where the incident occurred." [Dkt. 96 ¶¶ 11, 13]. Given the internal inconsistencies in the Complaint, the duplicative allegations, and the lack of details to support Plaintiff's allegations that Scrap It "sold, distributed, and/or marketed the Hammel Shredder," Scrap It's alleged role in

6

the Shredder incident is unclear, at best.  Though the pleading standard is low, a "complaint must give the defendant fair notice of the claim asserted and the grounds upon which it rests." Calvi v. Knox Cnty., 470 F.3d 422, 430-31 (1st Cir. 2006).  The Complaint fails to do so.  For these reasons, Plaintiff's breach of warranty (Count XIII) and failure to warn (Count XII) claims are dismissed.

### C. Negligence Claims

Plaintiff also brings negligent training (Count XVI) and general negligence (Count XV) claims against Scrap It.  As a preliminary matter, Plaintiff's failure to warn claim could be interpreted as a negligence claim.  However, a products liability defendant "cannot be found to have been negligent without having breached the warranty of merchantability." Colter v. Barber-Greene Co., 525 N.E.2d 1305, 1313 (Mass. 1998) (citation omitted).  Because the Court has already determined that Plaintiff did not state a claim for failure to warn, Plaintiff has also not stated a claim for negligence based upon failure to warn.

Moving to the substance of the claims, to state a claim of negligence, a plaintiff must show: (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached that duty; (3) proximate and actual causation; and (4) actual damage or injury. See Primus v. Galgano, 329 F.3d 236, 241 (1st Cir. 2003).  As it relates to negligent training, Plaintiff alleged that Scrap It "hired LaGesse to provide safety, operations, and maintenance training to employees of Minichiello," "Scrap It, Inc., through its agents, servants, employees and/or others for whom it is legally responsible, failed to adequately train the plaintiff, Ryan, on the [Shreddder]," and "[a]s a direct and proximate result of the negligent training by defendant, Scrap It, Inc., and allowing plaintiff, Ryan, to operate the Hammel Shredder in furtherance of LaGesse's interest, the plaintiff, Ryan has suffered and will continue to suffer [damages]." [Dkt. 96 ¶¶ 11, 105, 107].

These conclusory allegations are insufficient to state a claim against Scrap It for negligent training.

The Complaint does not provide any details about Plaintiff's training or its alleged flaws. Similarly missing from the Complaint are any details about Plaintiff's incident with the Shredder. The Complaint alleges that Plaintiff was "caused to injure himself when the [S]hredder jammed," but does not include any details about who was using the shredder, how it jammed, and what Plaintiff was doing when the Shredder jammed. [Dkt. 96 ¶ 7]. This missing information is readily available to Plaintiff, considering he was the one who was injured and allegedly negligently trained. Further, the Complaint lacks any details about the relationship between LaGesse and Scrap It, including any facts supporting Plaintiff's claim that Scrap It was "legally responsible" for LaGesse's training. With all this information missing from the Complaint, the Court cannot discern what duty was owed to Plaintiff by Scrap It, how that duty was breached, and how that breach caused Plaintiff's injuries.

As potentially relevant to Plaintiff's negligence claims, Plaintiff alleges that Scrap It owns the property upon which the injury occurred. [Dkt. 96 ¶ 13]. Although property owners owe a duty of reasonable care to individuals who are lawfully on their property, "[t]his duty is . . . not one of strict liability, nor does it make a property owner an insurer of its [premises]." Papadopoulos v. Target Corp., 29 N.E.3d 212, 212 (Mass. App. Ct. 2015) (cleaned up). The Complaint provides no information about how Scrap It breached its duty of reasonable care as a landowner or how that breach caused Plaintiff's injuries. Accordingly, Plaintiff has not sufficiently alleged that Scrap It was negligent in its duty as a landowner.

In his opposition, Plaintiff claims that the Complaint alleges (1) "Scrap It participated in or arranged training," (2) "Scrap It was involved in the operational context of the shredder," and

(3) "Scrap It had a role connected to the incident site and/or the equipment located thereon." [Dkt. 112 at 7]. These allegations, according to Plaintiff, are sufficient to state a claim. This argument fails for three reasons.

First, Plaintiff does not provide any argumentation explaining which causes of action these allegations are meant to support or how they meet the pleading standard. Second, the Complaint does not allege that "Scrap It participated in or arranged training." Instead, it alleges that Scrap It "hired LaGesse to provide safety, operations, and maintenance training to employees of Minichiello." While the Court is permitted to make reasonable inferences from the Complaint, only a conclusion that is "logically compelled, or at least supported, by the stated facts" is considered a "factual allegation" that may be credited for determining the sufficiency of a complaint. Cooperman v. Individual, Inc., 171 F.3d 43, 47-48 (1st Cir. 1999) (citation omitted). Without more, the fact that Scrap It hired LaGesse to complete Plaintiff's training, does not support the allegation that "Scrap It participated in or arranged training." Finally, although the Complaint alleges that Scrap It "has a role" and "was involved" in the Shredder incident, as previously discussed, the Complaint does not explain what role Scrap It had or how Scrap It was involved in the incident.

Plaintiff also argues that the Court should deny the Motion to Dismiss because the issues and arguments raised within it were already litigated when the Court addressed Plaintiff's Motion to Amend. This argument is unavailing because the Court did not address the sufficiency of the Complaint when addressing the Motion to Amend. In its opposition to Plaintiff's Motion to Amend, Scrap It argued that the amendment was futile because the allegations in the Complaint are not factually correct. The Court rejected Scrap It's argument because "[t]he Rule 12(b)(6) standard applies to review for futility" and under that standard "the Court cannot

9

question the facts alleged in Plaintiff's Amended Complaint." [Dkt. 95].  In its order the Court specifically noted that "Scrap It did not allege that the Amended Complaint does not state a claim" and did not address any of Scrap It's arguments in the present motion. Id.  Accordingly, Scrap It is not relitigating any arguments.

As the Court has found that Plaintiff failed to state a claim without considering Scrap It's factual disputes, it need not reach the parties' arguments regarding transforming the Motion to Dismiss to a Motion for Summary Judgment.  Therefore, Plaintiff's negligent training (Count XVI) and general negligence (Count XV) claims are dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Scrap It's Motion to Dismiss [Dkt. 103] is **GRANTED**.

**SO ORDERED.**

Dated: July 31, 2026                          /s/ Angel Kelley
                                              Hon. Angel Kelley
                                              United States District Judge